**IN THE UNITED STATE DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**ADAM S. THOMAS,**

**Plaintiff,**

**v.** **Civil Action Number:** 5:25-cv-00454

**SGT. D. M. McMILLAN, in his official capacity as a Trooper with the West Virginia State Police, DEPARTMENT OF HOMELAND SECURITY (West Virginia State Police).**

**Defendants.**

## COMPLAINT

This is an action brought by Plaintiff, Adam Thomas, pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, and the West Virginia Governmental Tort Clams and Insurance reform Act, W. Va. Code § 29-12A-1 et seq., seeking relief for excessive force, assault and battery, deliberate indifference, false arrest, malicious prosecution and failure to train in violation of his rights secured by the Fourth Amendment to the U.S. Constitution and the rights secured under the state law of West Virginia.

## JURISDICTION

1. The Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 1331 and 1343(3) and (4), as this action seeks redress for violations of Plaintiffs constitutional and civil rights.
2. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§2202 and Rule 57 of the Federal Rules of Civil Procedure.

3. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367(A), over any and all state law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

**VENUE**

4. Venue is proper in the U.S. District Court for the Southern District of West Virginia pursuant to 28 U.S.C. §1391(b) and (c) because at least one of the Defendants reside in the Southern District and the incident(s) complained of herein occurred on or about August 17, 2023, and thereafter in Raleigh County, West Virginia, within the Southern District of West Virginia.

**JURY DEMAND**

5. Plaintiff demands a trial by jury in this action on each and every of his claims, excepting only the claims for which the Court may grant declaratory and/or injunctive relief pursuant to 28 U.S.C. § 2201 and 2202, and Rule 57 of the W.VA. and Federal Rules of Civil Procedure.

**PARTIES**

6. Upon information and belief, Defendant Trooper Sgt. D. M. McMillan is/was, at all times relevant hereto, is/was employed by the West Virginia State Police as a Trooper.
7. Defendant West Virginia Department of Homeland Security (hereinafter W.V. State Police) is a parent agency to the WV State Law Enforcement Agency. As such, WV. State Police is responsible for the policies, and customs of the officers employed as police officers by the WVSP, including but not limited to the hiring, training, supervision, control, and discipline of its law enforcement officers and its employees.

**STATEMENT OF FACTS**

8. On August 17, 2023, the plaintiff was on his way home from picking up his wife and five minor children from Orlando Florida.

9. The plaintiff had rented a van at Avis at Yeager Airport in Charleston, WV, days earlier and made the trip up and back with his family.

10. At approximately 9am, while traveling on the interstate through Beckley, WV, to Charleston, WV, the plaintiff almost rearended a broken-down tractor trailer in the middle lane of the interstate.

11. The plaintiff swerved left to barely avoid the broken-down tractor trailer and barely missed the tractor trailer.

12. The plaintiff soon realized he was missing his right passenger mirror as he had struck the broken-down tractor trailer.

13. It took approximately 1/16 of a mile to stop due to the traffic on the road and his high rate of speed.

14. The plaintiff pulled over to the right shoulder.

15. There was too much traffic, and he was too far down the interstate to walk back to the tractor trailer.

16. The plaintiff then went to the first exit off the interstate and went to a gas station with a burger on Robert C. Byrd Drive.

17. The plaintiff had the clerk from Burger King call 911.

18. The plaintiff and his family stayed in the van at Burger King until the West Virginia State Police Troopers arrived.

19. Sgt. McMillan asked the plaintiff to sit in the passenger seat of his work Chevy Tahoe while he sat in the driver's seat.

20. Sgt. McMillan asked the plaintiff to give a recorded audio statement, and the plaintiff complied.

21. Sgt. McMillan then opened his MacBook up and showed the plaintiff a video of the incident.

22. Sgt. McMillan said another tractor trailer had captured the video of the incident and had sent it to the WVSP.

23. Sgt. McMillan then says, "You actually hit the man in his leg, and he is messed up."

24. Sgt. McMillan then says that the plaintiff did not stop and render aid.

25. The plaintiff then said he stopped on the right shoulder as soon as possible, considering the interstate high rate of speed and the traffic.

26. Sgt. McMillan then threatened the plaintiff and said, "if the guy dies, I'm going to charge you with a felony."

27. The plaintiff then pulled his phone out of his pocket and said, "I am going to record this."

28. Sgt. McMillan ripped his phone out of his hand and threw it on the dashboard.

29. Sgt. McMillan then said get out of the car so I can arrest you.

30. The plaintiff complied.

31. The plaintiff had handcuffs placed on him and then Sgt. McMillan told him to get back in the passenger seat.

32. The plaintiff complied.

33. Sgt. McMillan then got back in the car.

34. Sgt. McMillan begins to drive the vehicle.

35. The plaintiff asks Sgt. McMillan "if he thinks he did anything malicious."
36. Sgt. McMillan says no.
37. The plaintiff then says, "This is why people hate cops, you just arrested me in front of my five children for no reason, you could have given me a ticket."
38. Sgt. McMillan slammed on the breaks and the plaintiff's head hit the dash.
39. Sgt. McMillan then hammer punched the plaintiff, while in handcuffs behind back, in the face.
40. The plaintiff was knocked unconscious.
41. The plaintiff was wearing seeing glasses.
42. The plaintiff was knocked out for a short period of time.
43. When the plaintiff came to, he found his glasses on his leg.
44. The plaintiff looked over at him and said, "there goes your stripes."
45. Sgt. McMillan says, "I don't give a fuck, I have 25 years in, I am ready to retire."
46. The plaintiff noticed that he could not see immediately after being struck.
47. The plaintiff became irate at this point out of fear he would be beaten again while handcuffed.
48. The plaintiff asked for an ambulance or to be taken to the hospital.
49. The plaintiff yelled, "I can't see, I can't see."
50. The plaintiff was taken to the WVSP barracks.
51. The plaintiff was handcuffed to the wall with four different sets of cuffs for each limb to the wall.
52. The plaintiff said, "I want an E.R., I cannot see, I need an ambulance now."
53. Sgt. McMillan started recording.

54. An ambulance showed up and the plaintiff was handcuffed to a gurney and put in an ambulance and taken to the hospital in Beckley.
55. The plaintiff was given CAT scans on his head.
56. The plaintiff was diagnosed with a concussion.
57. The plaintiff then fell asleep on the gurney.
58. The plaintiff was awoken by Sgt. McMillan pushing him to wake him up to take him to jail.
59. The plaintiff was taken to Southern Regional Jail.
60. The plaintiff was charged with:
    a. Leaving the scene of an accident – property damage;
    b. Leaving the scene of an accident – bodily injury;
    c. Duty to give information and render aid; and
    d. Disorderly conduct.
61. All charges were dismissed on 07/30/24.
62. In the criminal case, it was discovered that the WVSP had deleted the body cam footage to protect Sgt. McMillan.
63. That WVSP, and/or Sgt. McMillan, deleted the body camera footage in order to hide the facts of what happened to the plaintiff.
64. That this act is illegal and fraudulent.
65. The plaintiff now suffers from optic nerve damage from blunt force trauma.
66. The plaintiff is now legally blind due to this incident.
67. The plaintiff can no longer work, clean, cook or take care of himself.
68. The plaintiff is permanently injured from this incident.

**COUNT 1 - EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT AGAINST DEFENDANT SGT. MCMILLAN AND DEFENDANT WEST VIRGINIA STATE POLICE**

69. Plaintiff realleges and incorporates all paragraphs above as if fully set forth herein.

70. At all times mentioned in the Complaint, the Plaintiff enjoyed a right under the Fourth Amendment of the U.S. Constitution and West Virginia common law not to be seized without probable cause.

71. On or about August 17, 2023, Sgt, McMillan, handcuffed the Plaintiff Thomas by using excessive force and beating the Plaintiff while handcuffed and before.

72. On or about August 17, 2023, Sgt. McMillan falsely and without cause, arrested and beat Thomas, who was not violating the law.

73. The actions of Sgt. McMillan in seizing and arresting the Plaintiff was unreasonable and in excess of the force needed under the circumstances, if any, and was conducted in violation of the Plaintiff's Fourth Amendment right to be free from reasonable searches and seizures.

74. The actions of Sgt. McMillan in seizing and arresting the Plaintiff were willful, wanton, and reckless.

75. As a direct and proximate result of Sgt. McMillan's violation of the Plaintiff's Fourth Amendment right against excessive force, the Plaintiff suffered damages.

**COUNT 2 - MALICIOUS PROSECUTION IN VIOLATION OF THE FOURTH AMENDMENT AND FOURTEENTH AND STATE LAW AGAINST DEFENDANTS**

76. Plaintiff realleges and incorporates all paragraphs above as if fully set forth herein.

77. At all times mentioned in the Complaint, the Plaintiffs enjoyed a right under the Fourth and Fourteenth Amendments of the U.S. Constitution and West Virginia common law not to be seized without probable cause.

78. In causing the prosecution of the plaintiff without probable cause, Defendants did so with malice.

79. The action of Defendants in causing the prosecution of the Plaintiffs was willful, wanton and reckless.

80. The plaintiff's criminal charges were dismissed on July 30, 2024, less than one year before the filing of this complaint.

81. As a direct and proximate result of Defendants violation of Plaintiffs' clearly established rights, Plaintiff suffered damages.

**COUNT 3 - FAILURE TO TRAIN AND SUPERVISE OFFICERS AND OR PATROLMEN UNDER STATE LAW AGAINST THE WV STATE POLICE (DEPT. OF HOMELAND SECURITY)**

82. Plaintiff realleges and reasserts all paragraphs above by reference as if fully set forth herein.

83. As the governing body the WVSP is responsible for the training of officers with the WVSP.

84. Due to the large number of illegal and improper incidents involving the WVSP, it is clear that the WVSP has not properly trained this Sgt. McMillan.

85. As part of the duty to train officers and or patrolmen, WVSP had a duty to properly train and supervise officers and or patrolmen in the areas of criminal law, criminal procedure, the laws of arrest, search and seizure, and de-escalation.

## COUNT 4 – EXTREME AND OUTRAGOUS CONDULT; EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS

86. Plaintiff realleges and incorporates all paragraphs above as if fully set forth herein.
87. Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, all of the allegations contained in the above paragraphs of the Complaint.
88. Defendants are liable to the Plaintiffs under the theory of extreme and outrageous conduct and emotional distress.
89. As detailed throughout this Complaint, the Defendants acted in an extremely negligent manner and violated the appropriate standard of care and otherwise engaging in negligent conduct.
90. As a proximate result of Defendants actions, Plaintiffs suffered serious personal injuries for which Plaintiffs should be compensated.
91. Defendants' actions were willful, wanton and/or undertaken with reckless disregard and/or reckless indifference to the rights of Plaintiffs, entitling Plaintiffs to punitive damages in an amount to be determined by the jury.
92. With respect to the West Virginia State Agency defendants, the Plaintiffs specifically seek recovery up to the limits of the applicable insurance policies and possibly beyond.

## COUNT 5 – FRAUD

93. The Plaintiff incorporates by reference as if fully set forth herein the allegations contained in all preceding paragraphs of this Complaint where appropriate.
94. Defendants committed fraud by using deleting body camera footage that showed the illegal use of force and actions of Sgt. McMillan in order to protect him from repercussions, criminal charges and more.

95. In order to meet the heightened pleading case law and statutory law rules, see the heightened facts plead in the facts section of this complaint.

96. The fraud of the defendants resulted in damages to Plaintiff, and Plaintiff is entitled to damages and losses incurred by the Defendants, including, but not limited to, compensatory damages for loss of monies, punitive damages for fraud and fraudulent schemes and reasonable attorney's fees.

**PRAYER FOR RELIEF**

97. Wherefore, your plaintiff, Adam Thomas, prays for the following relief:

    a. Damages, as set forth in this Complaint, and all those allowed by law, including, but not limited to: compensatory damages in a sum consistent with the injuries and injury of Plaintiffs; loss of the reasonably expected earning capacity of the plaintiff; conscious pain and suffering; emotional distress; loss of services of the plaintiff; sustained medical bills for decedent's treatment; including loss of companionship, consortium, support, care, assistance, attention, protection, advice, guidance; statutory damages; lost consortium and punitive damages (as allowed by law and against such parties as those are allowed by law), and all other recoverable damages, in an amount to be determined by the jury;

    b. Judgement for damages against all Defendants on the theory of vicarious and strict liability for the actions of their employees, agents, and representatives that proximately caused the injuries of Adam Thomas.

    c. Prejudgment interest and post judgment interest as provided by law.

    d. Attorney fees and costs; and

    e. Such further recovery and relief as this court may deem just and equitable.

f. With respect to the West Virginia State Agency defendants, the Plaintiffs specifically only seek recovery up to the limits of applicable insurance policies and possibly beyond.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

**ADAM THOMAS**
**By Counsel**

*/s/Joseph H. Spano, Jr.*
Pritt & Spano, PLLC
1204 Virginia Street, E.
Charleston, WV 25301
(304) 346-7748
WV State Bar ID No: 11373
jspano@yourwvlawfirm.com